IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL ANDERSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 16 cv 1963 |
| | ) | |
| v. | ) | District Judge Kendall |
| | ) | |
| CITY OF CHICAGO, et al. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 20 TO BAR ANY REFERENCE TO A JUDICIAL BRIBE OR THE GREYLORD SCANDAL**

Plaintiff's criminal trial occurred during the Greylord era. During depositions in this case, Defendants inquired of some witnesses if they had ever heard of any allegation that the criminal trial judge's clerk attempted to solicit a bribe from Plaintiff's defense attorney (and now judge) Sheila Murphy. Because there is not merit to this claim, Plaintiff seeks to bar any questioning regarding a speculative, unsubstantiated judicial bribe, as it is irrelevant to any claims or defenses and would confuse and prejudice the jury.

For starters, a jury (not a judge) convicted Plaintiff after his criminal trial. The Greylord Scandal involved bribes by criminal court judges who then presided over bench trials so the outcome could be "fixed" for a fee. Ex. 72, *Maurice Prossely, Archives: Operation Greylord: A federal probe of court corruption sets the standard for future investigation*, CHICAGO TRIBUNE, Jan. 18, 2017 (over the course of the investigation 100 people were indicated, included seventeen judges, court clerks, 50 lawyers and others for fixing the outcome of cases from traffic tickets to serious felonies).

No evidence exists in this case that any bribe was actually offered by the judge's clerk.

Ms. Murphy testified at her deposition that no bribe was ever made or offered by the judge or anyone else associated with this judge. Ex. 73 (Murphy Dep.) at 162:22-163:10 (denying any bribe attempt and agreeing that "this never occurred during [her] representation of Mr. Andersen").

Because any questioning about a non-existent bribe attempt is pure conjecture and also irrelevant where Plaintiff was convicted after a jury trial, and because such inflammatory suggestion would be prejudicial, the Court should bar Defendants from eliciting testimony about a speculative judicial bribe from Ms. Murphy, Mr. Bobber, Mr. Drizin or any other witness.

WHEREFORE, Plaintiff respectfully seeks and order from the Court granting his motion *in limine* No. 20 barring any questioning regarding a speculative judicial bribe.

RESPECTFULLY SUBMITTED,

**DANIEL ANDERSEN**

/s/ Jon Loevy
One of Plaintiff's Attorneys

Jon Loevy
Arthur Loevy
Heather Lewis Donnell
Roshna Bala Keen
Josh Tepfer
Lindsay Hagy
John Hazinski
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607

## CERTIFICATE OF SERVICE

       I, Jon Loevy, an attorney, certify that on February 28, 2020 I filed a copy of the Plaintiff's Motion *in Limine* No. 20 via the Court's electronic filing system and thereby served a copy on all counsel of record.

                                                     /s/ Jon Loevy