# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL ANDERSEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **16 cv 1963** |
| | ) | |
| **v.** | ) | **Hon. Virginia M. Kendall,** |
| | ) | **District Judge** |
| **CITY OF CHICAGO, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## [PROPOSED] FINAL PRETRIAL ORDER

Pursuant to this Court's order, Dckt, 383, this matter is set for a pretrial conference on March 25, 2020 to be held pursuant to Fed. R. Civ. P. ("Rule") 16.

Trial counsel for Plaintiff Daniel Andersen, including Jon Loevy, Heather Lewis Donnell, Joshua Tepfer, John Hazinski, and Lindsay Hagy from Loevy & Loevy, are expected to attend.

Trial counsel Steven Borkan, Timothy Scahill, Misha Itchhaporia, and Emily Schnidt from Borkan & Scahill, are expected to attend as counsel for Defendants James Bednarkiewicz, Richard Bedran, James Higgins, Daniel McWeeny, Paul Nielsen, John Olson, and Michael Riley.

The following actions to be taken:

(1)     This action is brought pursuant to 42 U.S.C. §1983 for violations of the United States Constitution and pursuant to Illinois law for state law torts relating to the wrongful arrest, prosecution, and conviction of Plaintiff Daniel Andersen. The jurisdiction of the Court is invoked under 28 U.S.C. §§1331 and 1367. Jurisdiction is not disputed.

(2)     The following stipulations and statements were submitted and are attached to and made a part of this Order:

### a)       Stipulation of Uncontested Facts

### Agreed Stipulations for the Pre-Trial Order

1.       On the evening of January 19, 1980, Levi Trujilo and Michael Castro found Cathy Trunko stabbed near 4936 S. Paulina Street, Chicago, Illinois. Mr. Castro called 911.

2. Ms. Trunko was transported to Holy Cross Hospital and pronounced dead on arrival.

3. Craig Cegielski was alive when this lawsuit was filed in February 2016, and subsequently passed away in October 2017.

4. At the time this lawsuit was filed in February 2016, Thaddeus (Ted) Melko, John Herman and Richard Rochowicz were all deceased.

## Plaintiff's Proposed Stipulations

P1. Daniel Andersen was incarcerated for 27-and-a-half years for the murder of Cathy Trunko.

P2. In July 2015, the Circuit Court vacated Daniel Andersen's conviction for the Trunko murder and a few months later state prosecutors dropped the charges against him.

P3. No weapon was recovered at the scene where Ms. Trunko was found.

P4. On January 20, 1980, the Medical Examiner conducted an autopsy and concluded that three stab wounds caused Ms. Trunko's death: two to her right breast and one to her left breast.

P5. The Medical Examiner measured each of the stab wounds measured approximately one-half inch in length. He also reported one abrasion or scratching kind of lesion that was found on the underside of the chin, a second superficial abrasion on the lateral surface of the left forearm just below the elbow, and a small abrasion on the left knew, which was superficial. There was no reported damage to the hyoid bone, trachea, larynx, the genitalia area, or between the breasts.

P6. On January 21, 1980, two days after Ms. Trunko was murdered, Ms. Loretta Szyszka reported a knife stuck into the ground of her front yard located at 5036 S. Hermitage as "found property" to the Chicago Police Department. That same day, the Chicago Police Department Evidence Technicians Ted Melko and Norbert Rajewski photographed and collected the knife, inventoried it, and brought it to the Chicago Crime Laboratory for testing.

P7. Defendant Richard Bedran was not able to be deposed during discovery in this case nor will he be present to testify at trial. Defendant Bedran is still a Defendant in this trial and you should

consider evidence related to his conduct during the Cathy Trunko homicide investigation.

**Defendants' Proposed Stipulations**

D1.    At the time this lawsuit was filed in February 2016, Richard Bedran and Daniel Fitzgerald, suffered from Alzheimer's Dementia; and as of result of their medical condition, they were unavailable to testify in this case.  Subsequently, Daniel Fitzgerald died in May 2017.

### b)    Agreed Description of the Case

Plaintiff Daniel Andersen has brought this lawsuit alleging that he was wrongfully convicted for a 1980 murder and attempted rape that he alleges he did not commit. Plaintiff was granted a new trial in 2015 and the Cook County State's Attorney's Office did not re-try Plaintiff. Defendants in this lawsuit are former Chicago Police Officers James Bednarkiewciz, Richard Bedran, James Higgins, Daniel McWeeny, Paul Nielsen, John Olson and Michael Riley.

Plaintiff asserts the following claims under federal and state law: that his confession to involvement in the murder and attempted rape of Cathy Trunko was coerced by Defendants in violation of the Fifth and Fourteenth Amendments to the United States Constitution, that Defendants fabricated evidence and withheld exculpatory evidence in violation of the Fourteenth Amendment to the United States Constitution, that Defendants conspired to violate Plaintiff's rights under the United States Constitution, that Defendants failed to intervene to prevent other person's alleged violations of Plaintiff's rights under the United States Constitution, that Defendants wrongfully detained Plaintiff prior to his criminal trial in violation of the Fourth Amendment; that Defendants maliciously prosecuted Plaintiff in violation of Illinois State law, that Defendants intentionally inflicted emotional distress upon the Plaintiff in violation of Illinois State law and that Defendants conspired to violate Plaintiff's rights under Illinois State law.  Defendants deny all these claims.

### c)    Exhibits

**PLAINTIFF'S EXHIBITS**

Plaintiff's Exhibit List, including the Bates number range, description, whether it is marked for ID only, and Defendants' objections are included as Attachment A to this Order.

In addition to the listed exhibits, Plaintiff reserves the right to rely on any exhibit identified by Defendants.

## DEFENDANTS' EXHIBITS

Defendants' Exhibit List, including the Bates number range, description, whether it is marked for ID only, and Plaintiff's objections are included as Attachment B to this Order

In addition to the listed exhibits, Defendants reserve the right to rely on any exhibit identified by Plaintiff.

## DEMONSTRATIVE EXHIBITS

The Parties have agreed to disclose any demonstrative exhibits at a future date and agree to provide opposing counsel adequate time to review and make appropriate objections in advance of opening and closing arguments or any witness examinations during which demonstrative exhibits will be used.

d)     **Witnesses**[1]

Plaintiff reserves the right to call the Plaintiff or any Defendant, with the exception of Defendant Bedran, who is unavailable at trial and was unavailable for deposition.

Plaintiff reserves the right to call any witnesses listed on the Defendants' witness list.

Plaintiff further reserves the right to call any witnesses in rebuttal for impeachment purposes. The Parties object to the calling of any witnesses not disclosed on the Final Pretrial Order. Plaintiff notes that some of these witnesses remain subject to pending motions *in limine* and may be excluded. Plaintiff reserves the right to call them if they are not excluded.

The Parties further reserve their right to object to the specific content of any witnesses called at trial pursuant to the Federal Rules of Evidence and the Court's rulings on the parties' motions *in limine*.

*\*denotes witness who may provide testimony by deposition only.*
*\*\*denotes witness who Plaintiff may have sought to provide testimony by prior sworn criminal trial or pre-criminal trial hearing testimony, but Plaintiff notes this Court's ruling in Dckt. 685 prohibiting this*

---

[1]     Pursuant to the Court's ruling on the Defendants' motion *in limine* No. 9. Dckt. 685, Plaintiff has removed the following witnesses from his Witness List: Wayne Sellers, Raymond Bobber and Wayne Raschke. Plaintiff reserves his right to call them via trial transcript if the Court's rulings alter during trial, evidentiary proffers and to preserve any appellate issues that may relate to these witnesses' testimony.

*testimony.*

## PLAINTIFFS – WILL CALL WITNESS LIST

| NO. | WITNESS | DEFENDANTS' OBJECTIONS[2] |
|-----|---------|---------------------------|
| 1. | Daniel Andersen<br>Contact through Plaintiff's Counsel | No objection. |
| 2. | James Bednarkiewicz<br>Contact through Defendants'<br>Counsel | No objection. |
| 3. | Richard Bedran<br>Contact through Defendants'<br>Counsel | Incompetent/unavailable to testify. |
| 4. | James Higgins<br>Contact through Defendants'<br>Counsel | No objection. |
| 5. | Daniel McWeeny<br>Contact through Defendants'<br>Counsel | No objection. |
| 6. | Paul Nielsen<br>Contact through Defendants'<br>Counsel | No objection. |
| 7. | John Olson<br>Contact through Defendants'<br>Counsel | No objection. |
| 8. | Michael Riley<br>Contact through Defendants'<br>Counsel | No objection. |
| 9. | Mark Andersen<br>Contact through Plaintiff's Counsel | No objection. |
| 10. | Diane Diaz Grabowski<br>5655 W. 64th Street<br>Chicago, IL 60638 | No objection. |
| 11. | Shelia Murphy<br>Contact through Counsel<br>H. Candace Gorman<br>Law Office of H. Candace Gorman<br>220 S. Halsted St. Ste. 200<br>Chicago, IL 60661 | No objection. |
| 12. | John Stout<br>Contact through Counsel | Objection. F.R.E. 401, 402, foundation,<br>hearsay, Motions in Limine. |

---

[2] Defendants reserve any and all objections based upon the specific content of the testimony elicited pursuant to the Federal Rules of Evidence and the parties' motions *in limine.*

| NO. | WITNESS | DEFENDANTS' OBJECTIONS[2] |
|---|---|---|
|  | Stacy A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Ste 200<br>Chicago, IL 60654 |  |

## PLAINTIFFS - MAY CALL WITNESS LIST

| NO. | WITNESS | OBJECTIONS |
|---|---|---|
| 1. | Dr. Richard Alexander*<br>Contact through Counsel | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |
| 2. | Jerome Andersen<br>Contact through Plaintiff's Counsel | No objection. |
| 3. | Mary Andersen*<br>Contact through Plaintiff's counsel | No objection. |
| 4. | Tom Andersen (Father)**<br>Contact through Plaintiff's counsel | Objection. Incompetent/unavailable to testify and subject to motion in limine ruling as testimony from criminal trial is inadmissible hearsay if sought to be introduced by Plaintiff. Plaintiff indicated he has withdrawn this witness. |
| 5. | Tom Andersen (brother)<br>Contact through Plaintiff's Counsel | No objection. |
| 6. | Bernard Bobber*<br>Contact through Plaintiff's counsel | No objection. |
| 7. | Nicole Bosserman<br>330 Westminster Drive<br>Mackinaw, IL 61755 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |
| 8. | Gerald Carroll<br>Contact through Counsel<br>Cook County State's Attorney's Office<br>18 69 West Washington Street<br>Chicago, Illinois 60602 | No objection. |
| 9. | Mike Castro<br>6129 S Kolmar Ave. Apt. 1<br>Chicago, IL 60629 | No objection. |
| 10. | Craig Ciegelski*<br>Deceased | No objection. |
| 11. | Neil Cohen<br>Contact through Counsel<br>Cook County State's Attorney's | No objection. |

| | | |
|---|---|---|
| | Office<br>1869 West Washington Street<br>Chicago, Illinois 60602 | |
| 12. | Megan Crane<br>Contact through Counsel<br>Locke E. Bowman<br>Roderick and Solange MacArthur<br>Justice Center<br>375 E Chicago Ave.<br>Chicago, IL 60611 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |
| 13. | Daniel Cuneo*<br>2217 W. Main St.<br>Belleville, IL 62226 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |
| 14. | Brian Daniels<br>Contact through Counsel<br>Greg Swygert<br>Roderick and Solange MacArthur<br>Justice Center<br>375 E Chicago Ave.<br>Chicago, IL 60611 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a) or in response to Defendants' Interrogatories F.R.E 401, 402, 403, 404(a)(1) and 404(b)(1). See also objections set forth in Defendants' Motion in Limine No. 11, Dckt. No. 503. |
| 15. | Charles J. Lewis<br>5140 S. Fairchild<br>Chicago, IL | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a) or in response to Defendants' Interrogatories F.R.E 401, 402, 403, 404(a)(1) and 404(b)(1). See also objections set forth in Defendants' Motion in Limine No. 11, Dckt. No. 503. |
| 16. | Stanley Howard<br>Contact through Counsel<br>Loevy & Loevy | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a) or in response to Defendants' Interrogatories F.R.E 401, 402, 403, 404(a)(1) and 404(b)(1). See also objections set forth in Defendants' Motion in Limine No. 11, Dckt. No. 503. |
| 17. | Madison Hobley<br>Contract through Counsel<br>Loevy & Loevy | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a) or in response to Defendants' Interrogatories F.R.E 401, 402, 403, 404(a)(1) and 404(b)(1). See also objections set forth in Defendants' Motion in Limine No. |

| | | 503. |
|---|---|---|
| 18. | Caitlin Deady<br>1937 South Lincoln Avenue<br>Springfield, IL 62704 | No objection. |
| 19. | Ted Dennis*<br>Freeark, Harvey & Mendillo, P.C.<br>115 W. Washington St., PO Box 546<br>Belleville, IL 62220 | No objection. |
| 20. | James Diaz<br>4931 S Marshfield Ave.<br>Chicago, Il 60609 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |
| 21. | Steve Drizin<br>Contact through Counsel<br>Locke E. Bowman<br>Roderick and Solange MacArthur<br>Justice Center<br>375 E Chicago Ave.<br>Chicago, IL 60611 | Objection.  F.R.E. 401, 402 and subject to motion in limine ruling. |
| 22. | David Erickson<br>Contact through Counsel<br>Cook County State's Attorney's Office<br>18 69 West Washington Street<br>Chicago, Illinois 60602 | No objection. |
| 23. | Mark Ertler<br>Contact through Counsel<br>Cook County State's Attorney's Office<br>18 69 West Washington Street<br>Chicago, Illinois 60602 | No objection. |
| 24. | Craig Findley*<br>Contact through Counsel<br>State Of Illinois Prison Review Board<br>Mr. Jason Sweat<br>319 East Madison St. Ste. A<br>Springfield, IL· 62701 | Objection. F.R.E 401, 402 and subject to motion in limine ruling. |
| 25. | James Hickey<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | Objection. Plaintiff withdrew this witness from his 26(a) disclosures and F.R.E 401, 402 and subject to motion in limine ruling. |

| | | |
|---|---|---|
| 26. | Bernadette Kwak Hogan<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | No objection. |
| 27. | Allen Jeropke<br>5027 S. Washtenaw<br>Chicago, IL 60632 | No objection. |
| 28. | Saul Kassin<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings. |
| 29. | John Kelly<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | No objection. |
| 30. | Robert Kirschner**<br>Deceased | Objection.  Deceased and was unavailable to testify and subject to motion in limine ruling as testimony from criminal trial is inadmissible hearsay if sought to be introduced by Plaintiff. |
| 31. | Frank Robert LaGace*<br>216 E. Spring Street<br>Winamac, IN 46996 | No objection. |
| 32. | Deanna Lankford<br>10430 Furnace Road, Suite 107<br>Lorton, VA  22079 | Objection.  Plaintiff withdrew this witness from his 26(a) disclosures. |
| 33. | Ray Lasky<br>3530 W. 58th Pl.<br>Chicago, IL 60629 | No objection. |
| 34. | Daniel Manobianco<br>3607 W. 68th Pl.<br>Chicago 60629 | No objection. |
| 35. | Janet McCarty<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a), F.R.E 401, 402 and subject to motion in limine ruling. |

| 36. | Barbara McCarty<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings. |
|---|---|---|
| 37. | Ted Melko**<br>Deceased | Objection. Deceased and was unavailable to testify and subject to motion in limine ruling as testimony from criminal trial is inadmissible hearsay if sought to be introduced by Plaintiff. |
| 38. | Jennifer Myler<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings. |
| 39. | Larry Pawlowski<br>Contact through Defendants' Counsel | No objection. |
| 40. | Norbert Rajewski*<br>Contact through Defendants' Counsel | Objection. Incompetent and subject to motion in limine ruling. |
| 41. | Karl Reich<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings |
| 42. | Thomas Reynolds*<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | No objection. |
| 43. | Alex Salazar<br>5240 N. Winthrop Ave., Unit 117<br>Chicago, IL 60640 | No objection. |
| 44. | Tom Sobun<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | No objection. |
| 45. | Gerald Straple<br>2109 W. Applegate Dr.<br>Appleton, WI 54914 | No objection. |
| 46. | Loretta Szyszka<br>5435 S. Neva Ave.<br>Chicago, IL 60638 | No objection. |
| 47. | Conrad Vega | No objection. |

| | | |
|---|---|---|
| | 16930 Creekside Ave.<br>Tinley Park, IL 60487 | |
| 48. | John Vega<br>2605 Medinah Ct.,<br>Palos Heights, IL 60463 | No objection. |
| 49. | Norman Venegas*<br>900 Lauren Ln.<br>College Station, TX 77840 | Objection. Witness claimed inability to recall substance of prior testimony and was not refreshed by reviewing same. Accordingly, testimony from criminal trial is inadmissible hearsay if sought to be introduced by Plaintiff. |
| 50. | Dennis Waller<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings. |
| 51. | Betty Wasson**<br>Deceased | No objection. |
| 52. | Eric Winstrom<br>Contact through Counsel<br>Stacey A. Benjamin<br>Rock Fusco & Connelly, LLC<br>321 N. Clark Street, Suite 2200<br>Chicago, IL 60654 | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a), F.R.E 401, 402 and subject to motion in limine ruling. |
| 53. | Charlotte Word<br>Contact through Plaintiff's Counsel | Objection. F.R.E. 401, 402, 702, and subject to motion in limine and Daubert motion rulings. |
| 54. | May Malik – Record keeper from Cook County Office of Medical Examiner | No objection. |
| 55. | Joan Gulliksen – Record keeper from Bode Cellmark Forensic | Objection. F.R.E 401, 402 and subject to motion in limine ruling. |
| 56. | Tina Hagerstrom – Record keeper from Circuit Court of Cook County Criminal Division, the Cook County's State Attorney Office | Objection. F.R.E 401, 402 and subject to motion in limine ruling. |
| 57. | Dawn Scroggins – Record keeper from Records for Graham Correctional Center in Hillsboro, IL | No objection. |
| 58. | Tammy Baughman – Record keeper from Chester Mental Health Center in Chester, IL | No objection. |
| 59. | Chris Bell - Records Keeper for Cook County State's Attorney's Office – | Objection. Plaintiff failed to disclose this witness as required by F.R.C.P. 26(a). |

| | Contact Through Counsel<br>T. Andrew Horvat<br>Civil Actions Bureau<br>Supervisor – Complex Litigation Unit<br>Cook County State's Attorney's Office<br>500 Richard J. Daley Center<br>Chicago, IL 60602 | |
|---|---|---|

## DEFENDANTS' ADDITIONAL WITNESSES

## DEFENDANTS – WILL CALL WITNESS LIST[3]

| NO. | WITNESS | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| 1. | Daniel Andersen<br>May be contacted through counsel | No objection |
| 2. | James Bednarkiewicz<br>May be contacted through counsel | No objection |
| 3. | James Higgins<br>May be contacted through counsel | No objection |
| 4. | Daniel McWeeny<br>May be contacted through counsel | No objection |
| 5. | Paul Nielsen<br>May be contacted through counsel | No objection |
| 6. | John Olson<br>May be contacted through counsel | No objection |
| 7. | Michael Riley<br>May be contacted through counsel | No objection |
| 8. | Dale Bedran (for purposes of presenting Richard Bedran's inability to pay punitive damages)<br>May be contacted through counsel | Object on the grounds Defendants failed to timely disclose the witness on their Rule 26(a)(1) disclosures. |
| 9. | Robert Kirschner (deceased) | Plaintiff seeks to bar the criminal trial testimony of the deceased medical examiner. The witness is unavailable to testify and subject to motions *in limine*. Plaintiff has proposed stipulating to the |

---

[3] Defendants reserve the right to call witnesses listed by Plaintiff. Further, Defendants reserve any and all objections based upon the specific content of the testimony sought to be elicited from these witnesses pursuant to the Federal Rules of Evidence and the parties' motions *in limine*.

| | | |
|---|---|---|
| | | medical examiner's finding regarding the victim's cause of death. Plaintiff further objects to this witness to the extent Defendants seek to admit Dr. Kirchner's criminal trial testimony as an undisclosed expert opinion regarding the size of the knife and whether it could have caused the stab wounds on the victim. Defendants never disclosed Dr. Kirschner on their Rule 26(a)(2)(C) disclosures. |
| 10. | Mark Ertler<br>Cook County State's Attorney's Office | Plaintiff objects to portions of this witness's testimony as set forth in in his motions *in limine*. |
| 11. | Howard Regenbogen (deceased) | Plaintiff objects to portions of this witness's testimony as set forth in in his motions *in limine*. |
| 12. | Glen Sechen<br>Cook County State's Attorney's Office | Plaintiff objects to portions of this witness's testimony as set forth in in his motions *in limine*. |
| 13. | Shelia Murphy<br>May be contacted through her counsel. | No objection |
| 14. | Bernard Bobber<br>1243 N. 10th Street, Suite 210.<br>Milwaukee, WI 53205 | Plaintiff objects to portions of this witness's testimony as set forth in in his motions *in limine*. |
| 15. | David Erickson<br>Cook County State's Attorney's Office | Plaintiff objects to portions of this witness's testimony as set forth in in his motions *in limine*. |
| 16. | Mary Andersen<br>May be contacted through counsel. | Plaintiff objects on the basis that this witness is medical unavailable to testify at trial and to the extent portions of her testimony are subject to motions *in limine*. Plaintiff does not object to this witness to the extent that her testimony is provided via deposition designation (subject to objections and the court's rulings) or that her testimony is provided through her pre-trial and criminal trial testimony. |
| 17. | Mark Andersen<br>May be contacted through counsel. | No objection |

| 18. | Carl Trunko<br>16501 W. Courtside Dr., Lockport, IL 60441 | Plaintiff objects pursuant to Rules 401, 402, 403, 404(b) and as set forth in Plaintiff's motions *in limine* |
|-----|-----|-----|
| 19. | Lucy Trunko (deceased) | Plaintiff objects as this witness is unavailable to testify. Plaintiff further objects pursuant to portions of the prior testimony pursuant to Rules 401, 402, and 403 as set forth in Plaintiff's motions *in limine.* |
| 20. | Diane Grabowski<br>5655 W. 64th St., Chicago, IL 60638 | Plaintiff objects to portions of this witness's testimony as as set forth in Plaintiff's motion *in limine.* |
| 21. | Diane Mottier<br>8020 S. Saint Louis, Chicago, IL | Plaintiff objects pursuant to Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motions *in limine* and Plaintiff's post-hearing submission excluding inadmissible hearsay. Dckt. 791. |
| 22. | Loretta Szyska<br>5435 S. Neva Ave., Chicago, IL 60638 | Plaintiff has proposed a stipulation of fact in lieu of this witness's testimony to expedite the trial. |
| 23. | Mike Castro<br>6129 S. Kolmar Ave., Apt. 1, Chicago, IL 60629 | Plaintiff has proposed a stipulation of fact in lieu of this witness's testimony to expedite the trial. |
| 24. | Daniel Manobianco<br>3607 W. 68th Place, Chicago, IL 60629 | No objection |
| 25. | Yolanda Bertaud<br>2819 Forrester Rd., Frankfurt, MI | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b) and as set forth in motion *in limine* |
| 26. | Wendy Magg-Vance<br>RR 4 Box 699, Ava, MO 65608 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b) and as set forth in motion *in limine* |
| 27. | Andrew Gladkowski<br>5353 S. Maplewood, Chicago, IL 60632 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b) and as set forth in motion *in limine* |
| 28. | Mary Hilbert<br>5920 S. Komensky, Basement, Chicago, IL 60629 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b), and as set forth in motion *in limine* |
| 29. | Bernadette Hogan | Plaintiff objects to this witness to the |

| | | |
|---|---|---|
| | May be contacted through counsel. | extent the Defendants seek to elicit any undisclosed expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C) as set forth in Plaintiff's motions *in limine* |
| 30. | Drew Froeter<br>21810 Merrill Ave., Sauk Village, IL 60411 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b), and as set forth in motion *in limine* and Plaintiff's post-hearing submission excluding inadmissible hearsay. Dckt. 791. |
| 31. | Kier Goatley<br>915 S. Grand Ave., W. Springfield, IL 62704 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403 and 404(b) and as set forth in motion *in limine* |
| 32. | Andrea Haepp<br>9115 Highway 69A, Springfield, TN 38256 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403 and 404(b) and as set forth in motion *in limine* and Plaintiff's supplemental submissions after the January 21-22, 2021 hearings on Rule 404(b) evidence filed under seal. *See* Dckt. 790. |
| 33. | Kristi Ann Townsend | Plaintiff objects on the basis that Defendants did not timely disclose this witness on their Rule 26(a)(1) disclosures. Plaintiff objects to the extent that the Court has barred any Rule 404(b) testimony from Ms. Townsend unless Plaintiff opens the door at the January 21-22, 2021 hearing. Plaintiff further objects on the grounds of Rules 401, 402, 403, and 404(b) as set forth in Plaintiff's motions *in limine*. Plaintiff further objects on the basis of marital privilege. |
| 34. | Michael Kolodzinski<br>Deceased. | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b), and as set forth in motion *in limine* |
| 35. | Kathy Madigan<br>2287 S. Wyckles Rd., Decatur, IL 62522 | Plaintiff objects to certain subject matter Defendants may seek to elicit from this witness pursuant to Rules 401, 402, 403, and 404(b) as set forth in Plaintiff's motions *in limine*, and the to extent that the Court granted Plaintiff's motion at |

| | | the January 21-22, 2021 hearing |
|---|---|---|
| 36. | Ralph Palumbo<br>May be contacted through counsel. | No objection |

## DEFENDANTS - MAY CALL WITNESS LIST

| | | |
|---|---|---|
| 37. | Dan Krane<br>May be contacted through counsel. | Plaintiff objects on the grounds that Dr. Krane is only qualified to provide expert testimony consistent with the Court's rulings in Dckts. 656 & 674. Plaintiff objects to Dr. Krane pursuant to Rule 702 as set forth in his *Daubert* motion and post-*Daubert* hearing filings. *See* Dckts. 392; 402; 406 & 426 |
| 38. | Joseph Warren<br>May be contacted through counsel. | Plaintiff objects on the grounds that Dr. Warren is only qualified to provide expert testimony consistent with the Court's ruling in Dckt. 649. Plaintiff objects to Dr. Warren pursuant to Rule 702 as set forth in his *Daubert* motion and post-*Daubert* hearing filings. *See* Dckts. 392; 393; 421 & 458 |
| 39. | Craig Cegielski (deceased) | No objection subject to the Parties' deposition designations |
| 40. | Larry Pawlowski<br>May be contacted through counsel. | No objection subject to the Parties' deposition designations |
| 41. | Norbert Rajewski<br>May be contacted through counsel. | No objection subject to the Parties' deposition designations |
| 42. | Thaddeus (Ted) Melko (deceased) | No objection subject to the Parties' deposition designations |
| 43. | Barbara McCarty<br>May be contacted through counsel. | No objection |
| 44. | Jennifer Myler<br>May be contacted through counsel. | No objection |
| 45. | Daniel Cuneo<br>1315 Lehmen Dr, Chester, IL | No objection |
| 46. | Richard Alexander<br>May be contacted through counsel. | Plaintiff objects to portions of this witness's testimony as set forth in his motions *in limine*. Plaintiff objects on the grounds this witness is cumulative of Dr. Bennett, Tabatabai, and Brisan |
| 47. | James Goebel<br>1600 Ravinia Pl., Orland Park, IL | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, 404(b), and as set |

| | | forth in in his motion *in limine* |
|---|---|---|
| 48. | Gerson Kaplan<br>5512 S. Kenwood Ave., Chicago, IL 60637 | Plaintiff objects to this witness as cumulative of Dr. Cuneo, Dr. Pichardo, Mr. Hsin, and Mr. Schnoeker. |
| 49. | Nicole Bosserman<br>Heritage Behavioral Health Center | Plaintiff objects to portions of this witness's testimony as set forth in his motions *in limine* |
| 50. | Caitlin Deady<br>Heritage Behavioral Health Center | Plaintiff objects to portions of this witness's testimony as set forth in his motions *in limine* |
| 51. | Lori Barter<br>Heritage Behavioral Health Center | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, 404(b), and as set forth in in his motion *in limine*. Plaintiff further objects on the basis that this witness is cumulative of Dr. Damera, Dr. Patil, Ms. Bosserman and Ms. Deady. |
| 52. | Timothy Moore<br>Decatur Psychological Associates | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, 404(b), and as set forth in in his motion *in limine*. Plaintiff objects as cumulative of Ms. Burkhart. |
| 53. | Rohi Patil<br>1770 E. Lake Shore Dr., Suite 209, Decatur, IL | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, 404(b), and as set forth in in his motion *in limine*. Plaintiff objects to this witness as cumulative of Ms. Bosserman, Ms. Deady and Dr. Damera. |
| 54. | Ruth Adelle Nevitt<br>Memorial Behavioral Health Center | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, 404(b), and as set forth in in his motion *in limine*. Plaintiff objects as cumulative of Dr. Alexander, Dr. Brisan, and Dr. Tabbatabai and Ms. Taylor. |
| 55. | Nancy Adducci<br>Cook County State's Attorney's Office | Plaintiff objects on the basis of Rules 401, 402, and 403. |
| 56. | Neil Cohen<br>Cook County State's Attorney's Office | Plaintiff objects to portions of this witnesses testimony pursuant to Rules 401, 402, and 403 as set forth in his motions *in limine* |
| 57. | Charles R. Hartman<br>6783 Preston Rd., Freeport, IL 61032 | Plaintiff objects to portions of this witnesses testimony pursuant to Rules 401, 402, and 403 as set forth in his |

| | | |
|---|---|---|
| | | motions *in limine* |
| 58. | Timothy McMahon<br>1 N. Franklin St., Ste. 1900,<br>Chicago, IL 60606 | Plaintiff objects to portions of this witnesses testimony pursuant to Rules 401, 402, and 403 as set forth in his motions *in limine* |
| 59. | Raymond F. Peters<br>Cook County State's Attorney's office | Plaintiff objects to this witness pursuant to Rules 401, 402, and 403 and as cumulative of Mr. Sechen and Mr. Regenbogen |
| 60. | Spencer Hardy<br>Cook County State's Attorney's Office | No objection |
| 61. | Ted W. Dennis<br>225 W. Washingotn St., P.O. Box 546, Bellville, IL 62222 | No objection |
| 62. | Steve A. Drizen<br>May be contacted through counsel. | No objection |
| 63. | Joshua Tepfer<br>May be contacted through counsel. | Plaintiff objects to this witness as he is Plaintiff's trial counsel as set forth in Plaintiff's motion *in limine* and the Court's ruling in Dckt. 730. |
| 64. | Laura H. Nirider<br>May be contacted through counsel. | Plaintiff objects on the basis that this witness's testimony is cumulative of Mr. Drizin's and Ms. Crane's testimony |
| 65. | Megan G. Crane<br>May be contacted through counsel. | No objection |
| 66. | Thomas (Tom) Andersen<br>May be contacted through counsel. | Plaintiff objects on the basis that this witness is medical unavailable to testify at trial. He was not deposed in this case. Plaintiff does not object to this witness to the extent that his testimony is provided through his pre-trial and criminal trial testimony. |
| 67. | Thomas Jr. Andersen<br>May be contacted through counsel. | No objection |
| 68. | Jerome (Jerry) Andersen<br>May be contacted through counsel. | No objection |
| 69. | Julie Lopez<br>May be contacted through counsel. | Plaintiff objects. *See* Dckts. 150 & 286 & 775 (under seal). Plaintiff further objects that this witness's testimony is cumulative of the testimony of Mark Andersen, Tom Jr. Andersen, Jerome Andersen, Tom Sr. Andersen and Mary |

| | | Andersen. |
|---|---|---|
| 70. | Walter Stankietwic (deceased) | Plaintiff objects to this witness on the basis for Rules 401, 402, 403 and to certain subject matter as set forth in Plaintiff's motion *in limine* to bar prejudicial and irrelevant testimony related to the victim, Cathy Trunko. |
| 71. | Aaron Ryan<br>5655 W. 64th St., Chicago, IL | Plaintiff objects to this witness on the basis for Rules 401, 402, 403, 604 & 802. |
| 72. | John Ryan<br>5100 Loomis St., Chicago, IL | No objection |
| 73. | James Clark<br>1334 W. 50th St., Chicago, IL | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b) and as set forth in motion *in limine* |
| 74. | Frank R. LaGace<br>216 E. Spring St., Winamac, IN 46996 | No objection |
| 75. | Leticia Bertaud<br>2819 Forrester Rd., Frankfort, MI | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b) and as set forth in motion *in limine* |
| 76. | Steven Gladkowski<br>5353 S. Maplewood, Chicago, IL 60632 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b) and as set forth in motion *in limine* |
| 77. | Dennis Donat | Plaintiff objects that this witness has not been properly identified as no address information has been provided. Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b) as set forth in motion *in limine* |
| 78. | Alex Salazar<br>5240 N. Winthrop Ave., Unit 117, Chicago, IL 60640 | Plaintiff objects pursuant to Rules 401, 402, 403 and 609 to certain testimony being barred pursuant to Plaintiff's motion *in limine*. |
| 79. | John Stout<br>May be contacted through counsel. | No objection |
| 80. | Ray Lasky<br>3530 W. 58th St., Chicago, IL 60629 | No objection |
| 81. | Mark Schafer<br>Illinois Department of Corrections | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. Plaintiff further |

| | | |
|---|---|---|
| | | objects that this witness is cumulative of Mark Brady. |
| 82. | Mark Brady<br>Illinois Department of Corrections | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. Plaintiff further objects that this witness is cumulative of Mark Schaefer. |
| 83. | Gerard Carroll<br>Cook County State's Attorney's Office | No objection |
| 84. | Edgar E. Wright<br>1935 S. Plum Grove Rd., #340<br>Palatine, IL 60067 | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. |
| 85. | Dwayne Rowland<br>1516 E. Wood St., Paris, TN | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. Plaintiff futher objects on the grounds provided in his post-hearing submission. Dckt. 790. |
| 86. | John Kelly<br>May be contracted through counsel. | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. |
| 87. | Robert Jewsbury<br>1323 N. 18th St., Qunicy, IL 62301 | Plaintiff objects pursuant to Rules 401, 402, 403 and 404(b) and as set forth in his motions *in limine*. Plaintiff objects to the extent the Court ruled that certain Rule 404(b) testimony is excluded. |
| 88. | John Lombardi<br>May be contacted through counsel. | No objection |
| 89. | William Marino<br>May be contacted through counsel. | No objection |
| 90. | Tom Sobun<br>May be contacted through counsel. | No objection |
| 91. | Thomas Reynolds<br>May be contacted through counsel. | No objection |
| 92. | Conrad Vega<br>16930 Creekside Ave., Tinley Park, IL 60487 | No objection |
| 93. | John Vega<br>2605 Medinah Ct., Palos Heights, IL | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, 404(b) as set forth in motion *in limine* |
| 94. | Norman Venegas<br>1716 Briarcrest Drive, 3rd Floor, Bryan, TX 77802 | No objection |

| 95. | Rudy Venegas<br>6655 S. Keating Ave., Chicago, IL 60629 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b) and as set forth in motion *in limine* |
|---|---|---|
| 96. | Patrick Wiliker (Wilger)<br>90000 Ridgeland Ave., Oaklawn, IL 60453 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b) and as set forth in motion *in limine* |
| 97. | Danny Mele<br>6452 Mandalay DR., Cleveland, OH 44130 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403, and 404(b), and as set forth in motion *in limine* |
| 98. | Bette N. Sacks | Plaintiff objects on basis that this witness is cumulative of Ms. Grabowski (Diaz) and Hon. Sheila Murphy |
| 99. | Paul W. Tedder<br>Box 711 – C733272, Menard, IL | Plaintiff objects to this witness pursuant to Rule 401, 402, 403, and 404(b) and as set forth in motion *in limine.* |
| 100. | Thomas (Tom) Beck<br>10540 S. Western Ave., Chicago, IL | No objection |
| 101. | Frank Koral<br>3956 Cherry Tree Blvd., Lake Havasu City, AZ 86404 | Plaintiff objects to this witnesses testimony under Rules 401, 402, 403 and 404(b) and as set forth in motion *in limine* |
| 102. | Joe Sawyer<br>City of Decatur Police Department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 103. | T. Jenkins<br>City of Decatur Police Department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 104. | McClenathan<br>City of Decatur Police Department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, |

| | | 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
|---|---|---|
| 105. | Edwards<br>City of Decatur Police Department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff futher objects that this witness has not been properly identified. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 106. | Sheri Raymond<br>210 Division St., Taylor Springs, il 62089 | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing.. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 107. | Jacqueline S. Hendrick<br>800 N. Daniel Ave., Springfield, IL 62702 | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 108. | Gena Jewsbury<br>210 Division St., Taylor Springs, IL 62089 | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 109. | Phillip Cockrell<br>6453 Tippin Ave., Pensacola, FL 32504 | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 110. | Bonita Brodt<br>5430 N. Wayne Ave., Chicago, IL 60640 | Plaintiff objects on the grounds or Rules 401, 402 & 403. Plaintiff further objects on the grounds that Defendants have disclosed her for testimony related to her "opinion" about Plaintiff's criminal |

| | | |
|---|---|---|
| | | trial. Plaintiff objects to any undisclosed "opinion" testimony for failure to disclose pursuant to Rule 26(a)(2)(C). |
| 111. | Michael Owens<br>4313 E. 21st Pl., Tulsa, OK 74114 | Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 112. | James Treptow<br>217 N. English, Decatur, IL 62701 | Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 113. | Hugh A. Johnson<br>Illinois Department of Corrections | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 114. | Willie Halbert<br>Illinois Department of Corrections | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 115. | Louis A O'Shea<br>Illinois Department of Corrections | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 116. | Gary Borling<br>Illinois Department of Corrections | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 117. | Allen L. Saddoris<br>Illinois Department of Corrections | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects to this |

| | | witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
|---|---|---|
| 118. | Dorothy Randle<br>609 Silver Lake Ct., Savoy, IL 61874 | Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 119. | William Doyle<br>14623 S. Mustang Dr., Homer Glen, IL 60491 | Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 120. | K. Babb<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 121. | E. E. Ethell<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 122. | J. Girard<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 123. | Tiffany Senger<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness |

| | | |
|---|---|---|
| | | on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 124. | Ben Mullison<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 125. | S. J. Kennedy<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 126. | C. E. Schull<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 127. | Todd Ringle<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 128. | K. Patten<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly |

| | | |
|---|---|---|
| | | disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine*, |
| 129. | A. Jahraus<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 130. | D. R. Oakley<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 131. | A. M. Amaya<br>Decatur police department | Plaintiff objects on the grounds that the Court excluded Rule 404(b) testimony for this witness during its January 21-22, 2021 hearing. Plaintiff objects on the basis that this witness was belatedly disclosed. Plaintiff objects to this witness on the basis or Rules 401, 402, 403, and 404(b) and as set forth in Plaintiff's motion *in limine* |
| 132. | Robert Legace<br>4957 S. Ashland Ave., Chicago, IL | No objecton |
| 133. | Betty Wasson<br>2208 S. Kedvale Apt. 14., Chicago, IL 60623 | No objection |
| 134. | Record keeper from Macon County Circuit Court | Object as no witness is identified by name. |
| 135. | Record keeper from Office of the Clerk of the Circuit Court of Cook County | Object as no witness is identified by name. |
| 136. | Record keeper from Holy Cross Hospital | Object as no witness is identified by name. |

| 137. | Record keeper from De LaSalle Institute | Object as no witness is identified by name. |
| 138. | Record keeper from Kelly High School | Object as no witness is identified by name. |
| 139. | Record keeper from Chicago Sun Times | Object as no witness is identified by name. |
| 140. | Record keeper from Chicago Tribune | Object as no witness is identified by name. |
| 141. | Record keeper from Northwestern Center for Wrongful Conviction of Youth | Object as no witness is identified by name. |
| 142. | Records keeper from Decatur Memorial Hospital | Object as no witness is identified by name. |
| 143. | Record keeper from Midwest Clinical Counseling | Object as no witness is identified by name. |
| 144. | Record keeper from Decatur Psychological Associates | Object as no witness is identified by name. |
| 145. | Record keeper from Illinois Prisoner Review Board | Object as no witness is identified by name. |
| 146. | Record Keeper from Sangamon County Police Department | Object as no witness is identified by name. |
| 147. | Record Keeper from City of Decatur Police Department | Object as no witness is identified by name. |
| 148. | Record Keeper from Springfield Police Department | Object as no witness is identified by name. |
| 149. | Record Keeper from Wright Investigative Services | Object as no witness is identified by name. |
| 150. | Record keeper from Illinois Department of Corrections | Object as no witness is identified by name. |
| 151. | Record keeper from Heritage Behavioral Health Center | Object as no witness is identified by name. |
| 152. | Record keeper from St. John's Hospital | Object as no witness is identified by name. |
| 153. | Record keeper from Memorial Medical Center | Object as no witness is identified by name. |
| 154. | Record keeper from Illinois Dept. of Mental Health – Chester Mental Health Center | Object as no witness is identified by name. |
| 155. | Record keeper from Advocate Christ Medical Center | Object as no witness is identified by name. |
| 156. | Record keeper from Capitol Community Hospital | Object as no witness is identified by name. |
| 157. | Record keeper from the Chicago | Object as no witness is identified by |

| | Police Department. | name. |
|---|---|---|

e) **Qualifications of Rule 702 Witnesses** – The parties have stipulated that the expert descriptions will not be read to the jury. The Parties also note that the Court has issued its rulings on their respective *Daubert* motions.

## PLAINTIFF'S EXPERT WITNESSES[4]

### Dr. Saul Kassin, Ph.D.

Dr. Kassin received his Bachelor of Science in Psychology from the Brooklyn College of the City University of New York, and his M.A. in Personality and Social Psychology and Doctor of Philosophy, Personality, and Social Psychology from the University of Connecticut. He has been a professor of Psychology for over thirty-eight years, and has been the Distinguished Professor of Psychology at John Jay College of Criminal Justice since 2006. Dr. Kassin has authored over forty books or book chapter and over 100 articles in the area of psychology, a majority of which focus on the area of police interrogations and confessions. His research on interrogations and confessions earned him the American Psychological Association (APA) Award for Distinguished Contribution to research in Public Policy in 2017. Dr. Kassin's research has been cited in courts across the world, including the U.S. Supreme Court and the Supreme Court of Canada.

### Barbara McCarty

Barbara McCarty received her Bachelor of Science in Biology and Master of Science in Forensic Genetics. Ms. McCarty has been conducting DNA testing and analysis since 2006, first with Cellmark Forensics in Dallas, TX and currently as a Senior Forensic Analyst at the University of Texas Center for Human Identification. Ms. McCarty has a certification as a Molecular Biology Fellow from the American Board of Criminalistics and is qualified and has experience conducting a variety of types of DNA forensic testing and analysis.

---

[4] Richard Brzeczek (Plaintiff preserves this issue but acknowledges this Court's ruling that has barred Mr. Brzeczek's testimony. *See* Dckt. 651.)

Mr. Brzeczek has a Bachelor of Science from Loyola University, and a *Juris Doctorate* from John Marshall Law School. He is a graduate of the Federal Bureau of Investigation Academy. Mr. Brzeczek was a sworn officer with the Chicago Police Department for nearly twenty years, and he served as Superintendent of Police from January 1980 through April 1983. For the last twenty years, Mr. Brzeczek has served as President of Consultants on Police Science, Inc., where he has consulted and taught on issues pertaining to police administration and procedures.

**Jennifer Myler**

Jennifer Myler received her Bachelor of Science in Biology from Cameron University and Master of Science in Criminal Justice with a Specialization in Forensic Science from Virginia Commonwealth University. Ms. Myler has been conducting DNA testing and analysis for twenty years, first with the Virginia Department of Forensic Science and then with Cellmark Forensics. She is currently a Senior Forensic Analyst at the University of Texas Center for Human Identification. She is a Licensed Forensic Analyst with the Texas Forensic Science Commission. Ms. Myler is qualified and has experience conducting a variety of types of DNA forensic testing and analysis.

**Karl A. Reich, Ph.D.**

Dr. Reich received his Bachelor of Arts in Chemistry from Cornell University and a Ph.D. in Molecular Biology from UCLA. He conducted doctorate research at Harvard Medical School and conducted post-doctoral research at Institut Pasteur and at Stanford Medical School. Since August 2002, he has been Chief Scientific Officer and Managing Partner for Independent Forensics, a DNA Forensics, Paternity, and Molecular Biology laboratory. In that role, he is responsible for the development, validation, and production of new forensic-based tests, and supervises all laboratory operations, including validation, documentation, and forensic DNA analysis. Dr. Reich is qualified in and has conducted a variety of DNA testing for three decades. He has presented and published widely in the area of forensic DNA, forensic biology, and the interpretation of forensic DNA statistics.

**Dennis Waller**

Mr. Waller has his Bachelor of Science in Police Administration from Michigan State University and a Master of Science in Public Administration from Florida International University. He has completed more than 3,600 hours of additional law enforcement training. Mr. Waller was a sworn police officer in multiple jurisdictions from 1970-1987, where he held ranks including police officer, Investigator, Sergeant, Lieutenant, and ultimately Chief of Police for the Ripon (WI) Police Department from 1983-1987. For nearly thirty years, he has served as a Police Practices Consultant with Waller & Associates, LLC, where he has consulted and taught on issues pertaining to police practices.

**Charlotte J. Word, Ph.D.**

Dr. Word received her Bachelor of Science in Biology from the College of William and Mary, a Ph.D. in Microbiology from the University of Virginia, and a postdoctoral fellowship at the University of Texas Southwestern Medical School. From 1984-1990, she was on the faculty at the University of New Mexico School of Medicine where she researched and taught in the area of molecular biology and immunology. Dr. Word has three

decades of experience applying molecular genetic techniques to forensic human DNA testing. From 1990-2005, she was employed at Orchid Cellmark which then became Cellmark Diagnostics, and was Laboratory Director from 2001-2005. Since 2005, Dr. Word has served as a forensic DNA consultant. Dr. Word is on the Editorial Board of *Forensic Sciences,* one of the premiere forensic journals in the United States. In 1998, Dr. Word was appointed to the President's Commission on the Future of DNA by Attorney General Janet Reno.

## DEFENDANTS' EXPERT WITNESSES

### Dr. Dan E. Krane

Dr. Dan E. Krane is an expert in the field of forensic DNA profiling, which refers to the generation and interpretation of DNA test results in the context of a criminal or civil proceedings. He received his Ph.D. in 1990 from the Biochemistry program of the Cell and Molecular Biology Department of the Pennsylvania State University. He was a founding member of and two-time gubernatorial appointee to the Commonwealth of Virginia's Scientific Advisory Committee, a 12-member panel established by statute to provide oversight and guidance to the Virginia Department of Forensic Science (the full-service crime laboratory for the Commonwealth of Virginia)

Dr. Krane is a professor of biological sciences at Wright State University in Dayton, Ohio where he has taught courses in the areas of biology, forensic DNA profiling, molecular evolution, population genetics, molecular genetics, and the use of computer science techniques to mine and analyze molecular biology information. He has published more than 50 scholarly papers on a variety of topics, including the use of DNA typing in forensic science. He is also the lead author of a widely used undergraduate textbook.

He has testified in many cases and has been recognized as an expert in federal and state courts in multiple jurisdictions. He has been appointed to provide his expert opinion at the request of a federal district court.

### Dr. Joseph Warren

Dr. Joseph Warren is an expert in forensic DNA analysis and interpretation. He received his Ph.D. in molecular biology from the University of North Texas in Denton, Texas.
Dr. Warren started his career in 1984 as a Senior Forensic Biologist for the Jefferson Parish Sheriffs Office in Metairie, LA where he was involved in the process of evidence collection from crime scene. He went on to work at private DNA labs and several government agencies. He is currently a faculty member at the University of North Texas Health Center as well as the Graduate Advisor/Program Director for the Professional Masters program in Forensic Genetics. He has taught the following courses: Biological Evidence Examination, Overview of Forensic Science, Expert Witness Testimony in Forensic Science, Molecular

Methods in Forensic Genetics, Basic Laboratory Methods in Forensic Genetics, Advanced Methods in Forensic Genetics and Bloodstain Pattern Analysis.

He has been qualified and recognized as an expert in several jurisdictions.

### f) A list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;

The Parties have submitted designations, counter designations and objections for the following witnesses: Thaddeus Melko, Robert Kirshner, John Stout, Spencer Hardy, Walter Stankietwic and Lucy Trunko. The Parties have submitted their designations and objections in a combined chart attached as Exhibit C. The highlighted deposition transcripts are attached as Exhibit D (Stout Dep. – Hood); Exhibit E (Melko Tr. and Exhibits); Exhibit F (Kirshner Tr.); Exhibit G (Stout Dep. – Andersen); Exhibit H (Hardy Dep. and Exhibits); Exhibit I (Stankietwic Tr.) and Exhibit J (Trunko Tr.). Plaintiff's designations are in yellow, counter designations are in pink and any additional re-counters are in orange. Defendants' designations are in green, counter designations are in purple and any re-counters are in grey. The Parties' agreed designations are in blue.

The Parties have been working diligently to complete all the deposition designations, but need additional time to complete all the designations in light of witnesses who are no longer able to appear at trial as well as incorporating the Court's rulings on the Parties motions *in limine*. With the Court's permission, the Parties will submit the following witness designations on or before April 9, 2021. *See* Dckt. 797 (Parties' Joint Motion for Extension to File Deposition Designations).

The Parties are working to identify any additional witnesses that may appear by deposition and will submit any additional designations and objections thereto by April 9, 2021. The Parties may designate additional testimony if a witness cannot appear at the trial and endeavor to identify those witnesses as quickly as possible.

### g) An itemized statement of damages;

Plaintiff seeks compensatory and punitive damages stemming from the harm he suffered during his 35-year wrongful prosecution, 27.5 years of wrongful imprisonment and eight additional years outside prison tainted with convictions for attempt rape and murder— including three of those years on parole—along with everything that entails, as well as the damages caused to Mr. Andersen's current and future life based on his wrongful incarceration. This includes loss of liberty, mental anguish, humiliation, degradation, isolation, emotional pain and suffering, and other grievous and continuing injuries.

Defendants deny Plaintiff is entitled to any damages, dispute the nature, extent and causation of any claimed damages and further state that Plaintiff failed to take steps to mitigate any damages as legally required.

### h) Trial briefs, proposed jury instructions, *voir dire* questions

The parties will present proposed jury instructions, consistent with this Court's order, on April 23, 2021. This Court has not ordered trial briefs and has a standing order regarding *voir dire* in civil cases. Plaintiff proposed *voir dire* questions with Defendants' objections is attached as Exhibit K Defendants proposed *vior dire* questions with Plaintiff's objections attached as Exhibit L.

### i) Status of Discovery

Each party has completed discovery, with the exception of discovery on the individual Defendants' financial condition (which the parties agreed to delay but on which their remains disputes), and the completion of a depositions of Defendants, Riley and McWeeny on limited matters. On that score, during meet and confer process on the scope of Defendant McWeeny's deposition on his CRs produced in 2018, Plaintiff requested the City check to see if all his CRs were produced. In doing so, the City located seven historic CR Files it had not located and produced in its two prior CR searches and production of CR Files, as well as two additional CRs that were not filed until 2019. On March 24, 2021, the City produced those it was able to locate.

With regard to the discovery of financial conditions, Defendants who are now-available and asserting an inability to pay defense agreed to provide a supplemental response to Plaintiff's Interrogatory No. 18. Thus far, Defendants Higgins, McWeeny, and Bednarkiewcz provided supplemental responses. Defendants Olson and Riley expect to provide supplemental responses by April 2, 2021.

The Parties are at issue on whether Plaintiff is entitled to a response to written discovery from all defendants regardless of their election to assert an inability to pay defense. The only Defendant who will not be asserting an inability to pay defense and did not supplement his answer to Interrogatory No. 18 is Defendant Nielsen. Defendant Bedran is unavailable and his son, Dale Bedran, will testify regarding financial condition. The parties' respective position on Plaintiff's request to obtain Defendants' financial condition regardless of their election to assert an inability to pay defense was briefed in Plaintiffs' motion *in limine* No. 22, dckt. 558, and Defendants' response in dckt. 575. On November 25, 2010, the Court issued a minute order that it would not rule because the parties reported discovery was ongoing on the issue and directed the parties to file a joint status report. The Parties filed a joint status outlining their respective positions on December 15, 2020. Dckt. 747. The Parties agree that Plaintiff's motion *in limine* No. 22, dckt. 558, is not yet resolved.

### j) Motions in Limine

This Court has ruled on the majority of motions *in limine*. An evidentiary hearing was held on outstanding motions *in limine* on January 20-21, 2021. Subsequent post-hearing

briefing was submitted on some of those pending motions. The motions discussed during the January 20-21, 2021 hearing remain pending. .

The following proposed motions *in limine* were agreed to by all parties:

Agreed MIL No. 1 - Non-party witnesses will be barred from the courtroom at all times during the trial when they are not testifying.

Agreed MIL No. 2 - No attorney, party, or witness may appeal to jurors' pecuniary interests in any way during *voir dire*, trial, or deliberations by referencing jurors as taxpayers or other similar such language.

Agreed MIL No. 3 - The parties will be barred from arguing or presenting evidence of prior settlement offers or negotiations.

Agreed MIL No. 4 - The parties will be barred from arguing or presenting evidence that any party or witness has been paid a statutory witness fee to appear at trial.

Agreed MIL No. 5 - The parties will be barred from arguing or making reference to the number of attorneys representing any party.

**(3)** Plaintiff believes that the trial of this case will take 10-15 trial days. Defendants believe that the trial of this case will take at least 20 trial days.

**(4)** The parties demand a trial by jury.

**(5)** Plaintiff recommends that 8 jurors be selected at the commencement of trial. Defendants recommend that 12 jurors be selected at the commencement of trial.

**(6)** Plaintiff contends that the issues of liability and damages should not be bifurcated for trial. Defendants reserve the right to seek bifurcation of liability and damages depending on this Court's pre-trial evidentiary rulings on certain matters.

**(7)** The parties do not agree to consent to the jurisdiction of a magistrate judge for trial.

**(8)** This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**(9)** The Parties have had settlement discussions. Plaintiff is open to further settlement discussions with the Magistrate or a mediator to attempt to resolve this matter, particularly before the parties expend the substantial resources necessary to prepare for trial. Defendants' position is that settlement has been considered.

DATED:_____                    _____

                                             UNITED STATES DISTRICT JUDGE

Defendant Officers:                          Plaintiff:
Timothy P. Scahill                           Jon Loevy
Steven B. Borkan                             Roshna Bala Keen
Misha Itchhaporia                            Heather Lewis Donnell
Emily E. Schnidt                             Joshua Tepfer
BORKAN & SCAHILL, LTD.                       Lindsay Hagy
Two First National Plaza                     John Hazinski
20 South Clark Street                        LOEVY & LOEVY
Suite 1700                                   311 N. Aberdeen
Chicago, Illinois 60603                      Third Floor
(312) 580-1030                               Chicago, Illinois 60607
tscahill@borkanscahill.com                   jon@loevy.com
sborkan@borkanscahill.com                    roshna@loevy.com
mitchhaporia@borkanscahill.com               heather@loevy.com
eschnidt@borkanscahill.com                   josh@loevy.com
                                             lindsay@loevy.com
                                             hazinki@loevy.com