**IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL ANDERSEN,** | ) | |
| | ) | **No. 16 C 1963** |
| *Plaintiff,* | ) | |
| | ) | **Judge Virginia M. Kendall** |
| v. | ) | |
| | ) | |
| **THE CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

In this case, Defendants Richard Bedran, James Higgins, John Olson, James Bednarkiewicz, and Michael Riley were governmental officials while Plaintiff Andersen is a private citizen. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he is a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because he is a private citizen.

Daniel McWeeny and Paul Nielsen are no longer defendants in this case. You should not consider any claims against Daniel McWeeny and Paul Nielsen. Do not speculate on the reasons. Your focus must be on the remaining parties.

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning each individual Defendant only in the case against that individual Defendant. You must not consider it against any other co-Defendant.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

The parties have stipulated, or agreed, that:

1. On the evening of January 19, 1980, Levi Trujilo and Michael Castro found Cathy Trunko stabbed near 4936 S. Paulina Street, Chicago, Illinois. Mr. Castro called 911.

2. Cathy Trunko was transported to Holy Cross Hospital and pronounced dead on arrival.

3. Craig Cegielski was alive when this lawsuit was filed in February 2016 and subsequently passed away in October 2017.

4. At the time this lawsuit was filed in February 2016, Thaddeus (Ted) Melko, John Herman, and Richard Rochowicz were all deceased.

5. At the time of this trial, Defendant Richard Bedran and Witness Mary Andersen were medically unavailable.

You must now treat these facts as having been proved for the purposes of this case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- The witness's age;

- Any interest, bias, or prejudice the witness may have;

- The witness's intelligence;

- The manner of the witness while testifying;

- And the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You should not speculate as to why someone you have heard about during the trial has not appeared in court.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all the other evidence in the case.

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified in court.

Certain diagrams, sketches, and charts have been shown to you. Those materials are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You have heard evidence that individuals have been convicted of a crime. You may consider this evidence only in deciding whether that individual's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard evidence that Plaintiff Andersen was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

The State court judge decided different issues than those before you when issuing the Certificate of Innocence. The State court judge was not asked to, nor did he decide, the issue of whether Plaintiff Andersen's constitutional rights were violated or whether the Defendants in this case engaged in any misconduct under state or federal law. These are issues for you alone to decide. You have listened to and heard all of the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

You heard evidence in this case of information allegedly provided to Officer John Stout on or around January 21, 1980, by Detective Bedran and/or Detective Rochowicz concerning Robert LaGace. You may not consider this information as evidence that the information itself is true. You may consider this evidence for the purpose of establishing whether or not the information was communicated by these Detectives to Officer Stout.

You may not consider this information in determining the issue of probable cause.

Additionally, no police officer had a legal obligation to ensure that the results or interpretation of any polygraph examination of Mr. LaGace was provided to the Cook County State's Attorney or to Plaintiff Andersen's criminal defense attorney because such evidence is not admissible in court. Failure to turn over polygraph test results in and of itself cannot constitute a violation of Plaintiff Andersen's constitutional right to a fair trial.

You have heard evidence in this case pertaining to the maintenance of "street files" or "running files" used by members of the Chicago Police Department and a policy change subsequent to the investigation at issue in this case regarding those files. You may not consider the subsequent policy change as evidence of any wrongdoing or culpable conduct of any of the Defendants in this case.

The Plaintiff in this case is Daniel Andersen. I will refer to him as the Plaintiff. The Defendants in this case are: Richard Bedran, James Higgins, John Olson, James Bednarkiewicz, and Michael Riley, who are retired Chicago police officers. I will refer to them as the Defendants.

Plaintiff Andersen has six claims against Defendants.

1. Plaintiff Andersen claims that the Defendants violated his constitutional right to be free from self-incrimination by coercing him into making a false confession that was used against him at his criminal trial in violation of his right to a fair trial as guaranteed by the Fourteenth Amendment of the United States Constitution.

2. Plaintiff Andersen claims that the Defendants violated his constitutional right to a fair trial by suppressing exculpatory evidence that was material in his criminal case and/or by fabricating material evidence that was used against him at his criminal trial in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

3. Plaintiff Andersen claims that the Defendants conspired among themselves to deprive him of his aforementioned constitutional rights.

4. Plaintiff Andersen claims that the Defendants failed to intervene to prevent the violations of his constitutional rights.

5. Plaintiff Andersen claims that the Defendants maliciously prosecuted him in violation of Illinois law.

6.     Plaintiff Andersen claims that the Defendants' actions constituted intentional infliction of emotional distress in violation of Illinois law.

Defendants deny each of Plaintiff Andersen's claims.

You must give separate consideration to each claim and each party in this case. Although there are five Defendants, it does not follow that if one is liable, any of the others is also liable.

In considering a claim against a Defendant, you must not consider evidence admitted only against other Defendants or only as to other claims.

Plaintiff Andersen claims that Defendant James Higgins violated his constitutional right against self-incrimination by improperly coercing him to give a confession.

To succeed on this claim, Plaintiff Andersen must prove each of the following four things by a preponderance of the evidence:

1. That Plaintiff Andersen gave a confession.

2. That this confession was not made by Plaintiff Andersen voluntarily but rather was made involuntarily as a result of coercion by the Defendant you are considering.

3. The confession was used against Plaintiff Andersen during his criminal case.

4. Plaintiff Andersen was damaged as a result.

If you find that Plaintiff Andersen has proved each of these four things by a preponderance of the evidence as to Defendant Higgins, then you should find for Plaintiff Andersen on this claim, and against Defendant Higgins and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff Andersen has failed to prove any of these things by a preponderance of the evidence against Defendant Higgins, then you should find for Defendant Higgins, and not consider the question of damages as to Defendant Higgins on this claim.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff must prove by a preponderance of the evidence that each Defendant was personally involved in the conduct that Plaintiff complains about for the claim you are considering against that Defendant.

A confession is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice.

Evaluating the totality of the circumstances is determined based on the facts of each case with no bright line rules. It requires you to consider the characteristics of the Plaintiff that were both known or should have been known to the Defendant. You should also consider the tactics used by the Defendant during Plaintiff's custodial interrogation.

The various factors you may consider include, but are not limited to, Plaintiff's age, mental acuity, intoxication, illness, or sleep deprivation. You may consider the length and time of day of the interrogation. You may consider whether Plaintiff did or did not have the ability to communicate with others during his custody.

You may consider the tactics the Defendant either did or did not use during their questioning, including deceit, promises of leniency, threats of harm, or physical or psychological abuse. No one factor is determinative. Specific methods of interrogation, including the use of deceit, engaging in accusatory questioning, making false or misleading statements about evidence of a person's guilt, posing as a friend, and making statements to such person about the potential legal consequences of the crime being investigated, are not in and of themselves prohibited unless if taken together with the totality of circumstances they result in overcoming a person's free will and ability to make a rational choice.

Plaintiff Andersen claims that Defendants Richard Bedran, James Higgins, John Olson, and James Bednarkiewicz violated his constitutional right to a fair trial. Plaintiff Andersen can succeed on this claim one of two ways: by proving Defendants failed to disclose exculpatory or impeachment evidence or by proving Defendants fabricated evidence that was used to convict him in a criminal case. To succeed on this claim by proving Defendants failed to disclose exculpatory or impeachment evidence, Plaintiff Andersen must prove each of the following three things by a preponderance of the evidence:

1. The Defendant knowingly concealed exculpatory or impeachment evidence from the prosecutor, and the evidence was not otherwise available to Plaintiff Andersen, through the exercise of reasonable diligence, to make use of at his criminal trial.

2. The evidence was material.

3. Plaintiff Andersen was injured as a result.

To succeed on this claim by proving Defendants fabricated evidence, Plaintiff Andersen must prove each of the following three things by a preponderance of the evidence:

1. The Defendant knowingly fabricated or participated in the fabrication of evidence that was introduced against Plaintiff Andersen at his criminal trial.

2. The evidence was material.

3. Plaintiff Andersen was injured as a result.

Exculpatory evidence is evidence that tends to show that the accused is not guilty of a crime.

Impeachment evidence is evidence that would have made the jury at the criminal trial less likely to believe a witness who testified against the accused at the criminal trial.

Exculpatory evidence or impeachment evidence is "material" if there is a reasonable likelihood that the suppressed evidence could have affected the judgment of the jury.

Fabricated evidence is "material" if there is a reasonable likelihood that the false testimony could have affected the judgment of the jury.

If you find that Plaintiff Andersen has proved, by a preponderance of the evidence, that the Defendant you are considering violated Plaintiff Andersen's right to a fair trial either by failing to disclose exculpatory or impeachment evidence or by fabricating evidence, then you should find for Plaintiff Andersen on this claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Andersen has failed to prove, by a preponderance of the evidence, that the Defendant you are considering violated Plaintiff Andersen's right to a fair trial either by failing to disclose exculpatory or impeachment evidence or by fabricating evidence, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

Plaintiff Andersen claims that Defendants Richard Bedran, James Higgins, John Olson, James Bednarkiewicz, and Michael Riley conspired to deprive him of his constitutional right to be free of coercive interrogation and/or conspired to deprive him of his constitutional right to a fair trial by failing to disclose exculpatory evidence, by failing to disclose impeachment evidence, and/or by fabricating evidence that was used to convict him in a criminal case. A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on this claim, Plaintiff Andersen must prove each of the following four things by a preponderance of the evidence as to the particular Defendant you are considering:

1. Plaintiff Andersen must prove there was an agreement between two or more persons to:

    a. Coercively interrogate him; or

    b. Fail to disclose exculpatory evidence; or

    c. Fail to disclose impeachment evidence; or

    d. Fabricate evidence.

Plaintiff Andersen must prove that the participants shared this common purpose. He does not have to prove there was a formal or express agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew

all the details of the conspiratorial plan or the identity of all the participants.

2.   The Defendant knowingly became a member of the conspiracy with the intention to carry out the conspiracy.

3.   One or more of the conspirators committed an act in an effort to carry out the conspiracy.

4.   As a result, Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation was/were violated as I have already defined for you in the instructions for these claims.

If you find that Plaintiff Andersen has proved each of these four things as to the Defendant you are considering by a preponderance of the evidence, then you should find for Plaintiff Andersen on this claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Andersen has failed to prove any of these four things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

Plaintiff Andersen claims that Defendants Richard Bedran, James Higgins, John Olson, James Bednarkiewicz, and Michael Riley failed to intervene to prevent the violations of his right to a fair trial and/or his right to be free of a coercive interrogation.

To succeed on his failure to intervene claim, Plaintiff Andersen must prove each of the following five things by a preponderance of the evidence:

1.   That Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation was/were violated by one or more of the Defendants.

2.   That the Defendant you are considering knew that one or more of the other Defendants violated Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation.

3.   That the Defendant you are considering had a realistic opportunity to stop the violation of Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation.

4.   That the Defendant you are considering did not take reasonable steps to stop the violation of Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation, despite having an opportunity to do so.

5.   As a result, Plaintiff Andersen's right to a fair trial and/or his right to be free of a coercive interrogation was/were violated as defined in one of the earlier claims.

If you find that Plaintiff Andersen has proved each of these five things as to the Defendant you are considering by a preponderance of the evidence, then you should find for Plaintiff Andersen on this claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Andersen has failed to prove any of these five things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

Plaintiff Andersen claims that Defendants James Higgins and James Bednarkiewicz maliciously prosecuted him in violation of Illinois state law. To succeed on this claim, Plaintiff Andersen must prove each of the following five things by a preponderance of the evidence:

1. That the relevant Defendant caused the commencement or continuation of a criminal proceeding against Plaintiff Andersen.

2. The criminal proceedings were terminated in Plaintiff Andersen's favor and in a manner indicative of innocence.

3. There was no probable cause to prosecute Plaintiff Andersen for the accused crime.

4. That the relevant Defendant acted with malice in bringing the prosecution.

5. Plaintiff Andersen suffered damages as a result thereof.

Plaintiff Andersen claims that Defendants Higgins and Bednarkiewicz maliciously prosecuted him for murder and attempted rape.

If you find that Plaintiff Andersen has proved each of these five things as to the Defendant you are considering by a preponderance of the evidence, then you should find for Plaintiff Andersen on this claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Andersen has failed to prove any of these five things by a preponderance of the evidence as to the Defendant you are

considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

In order for a Defendant to have "commenced or continued" the prosecution, the Defendant you are considering must have either initiated the criminal proceeding or his participation in it must have been of so active and positive a character as to amount to advice and cooperation with the one initiating or continuing the proceeding such that the presumption of prosecutorial independence can be overcome. In making our determination, you may consider:

- Active and positive participation that amounts to advice and cooperation with a prosecutor;

- Improperly exerting pressure on a prosecutor;

- Knowingly providing misinformation to a prosecutor;

- Concealing exculpatory evidence from a prosecutor; or

- Other wrongful or bad-faith conduct instrumental in the commencement or continuation of the criminal proceeding.

For purposes of the malicious prosecution claim, probable cause exists if a prudent person would have believed that Plaintiff Andersen committed the offense of murder or attempted rape for which he was charged.  In making this decision, you should consider what the Defendant or Defendants knew and what reasonably trustworthy information the Defendant or Defendants had received.

Malice is the intent, without justification, to commit a wrongful act. In order to find malice, you must find that the Defendant you are considering commenced or continued the criminal proceeding against Plaintiff Andersen with any motive other than that of bringing him to justice. Malice does not necessarily mean personal ill-will, spite, or hatred toward the Plaintiff Andersen.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been proven by a preponderance of the evidence. Malice may not be inferred where probable cause exists.

In order to determine Plaintiff Andersen's malicious prosecution claim, you must decide whether there was probable cause to believe Plaintiff Andersen had committed the offenses of "First Degree Murder" and "Attempted Rape" against Cathy Trunko.

Under Illinois law, a person commits the crime of First Degree Murder when he kills an individual without lawful justification and in performing the acts which causes the death he knows that such acts create a strong probability of death or of great bodily harm.

Under Illinois law, a person commits the crime of Attempted Rape when a person attempts to have sexual intercourse with another by force and against his or her will.

Plaintiff Andersen claims that Defendants Richard Bedran, James Higgins, John Olson, James Bednarkiewicz, and Michael Riley intentionally inflicted emotional distress upon him in violation of Illinois State law.

In order to prove that a Defendant intentionally inflicted emotional distress on him, Plaintiff Andersen must prove each of the following three things by a preponderance of the evidence against the Defendant you are considering:

1.  Defendant's conduct was extreme and outrageous.

2.  Defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress.

3.  Defendant's conduct in fact caused severe emotional distress.

If you find that Plaintiff Andersen has proved each of these three things as to the Defendant you are considering by a preponderance of the evidence, then you should find for Plaintiff Andersen on this claim as to the Defendant you are considering, and go on to consider the question of damages as to that Defendant.

If, on the other hand, you find that Plaintiff Andersen has failed to prove any of these three things by a preponderance of the evidence as to the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages on this claim as to that Defendant.

By "extreme and outrageous conduct" I mean conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community. A pattern, course, or accumulation of acts can make an individual's conduct extreme, even if one instance of such behavior might not be.

In determining whether conduct is extreme and outrageous, you may consider the following factors: the degree of power or authority which Defendants had over Plaintiff Andersen, whether Defendants reasonably believed that their conduct had a legitimate objective; and whether Plaintiff Andersen was particularly susceptible to emotional distress because of some mental condition or state.

In these instructions, you have been asked whether of the Defendants' actions caused the injury. This question does not ask about "*the* cause" but rather "*a* cause" because an injury may have more than one cause. Someone's act caused the injury if it was a substantial factor in producing the injury. An injury may be caused by one person's act or by the combined acts of two or more people.

It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

If you find in favor of the Plaintiff Andersen on any of his claims, then you must determine what amount of damages, if any, Plaintiff Andersen is entitled to recover.

If you find in favor of the Defendants on all of the Plaintiff Andersen's claims, then you will not consider the question of damages.

In considering the damages to award, if any, you may not consider any lost wages of the plaintiff or any loss of impairment of any familial relations between Plaintiff Andersen and any family members.

If you find in favor of Plaintiff Andersen on one or more of his claims, then you must determine the amount of money that will fairly compensate Plaintiff Andersen for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the violation of his rights guaranteed by the U.S. Constitution or Illinois state law.

Plaintiff Andersen must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

- The physical and emotional pain and suffering that Plaintiff Andersen has experienced and is reasonably certain to experience in the future.

- Any disability or the loss of a normal life that Plaintiff Andersen has experienced and is reasonably certain to experience in the future.

- Any actual impairment of reputation, personal humiliation, mental anguish and suffering that Plaintiff Andersen has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental and emotional pain and suffering, or disability, or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these

factors. You are to determine an amount that will fairly compensate Plaintiff Andersen for the injury he has sustained.

You have heard evidence of some of the Defendants' finances in this case. Under Illinois law, the City of Chicago is obligated to indemnify the Defendants and pay for any compensatory damages awarded to Plaintiff Andersen. You should therefore not consider the Defendants' financial condition in assessing compensatory damages.

If you find for Plaintiff Andersen, you may, but are not required to, assess punitive damages against any Defendant you have found liable. The purposes of punitive damages are to punish a Defendant for his conduct and to serve as an example or warning to Defendants and others not to engage in similar conduct in the future.

Plaintiff Andersen must prove by a preponderance of the evidence that punitive damages should be assessed against a particular Defendant. You may assess punitive damages only if you find that a particular Defendant's conduct was malicious or in reckless disregard of Plaintiff Andersen's rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Plaintiff Andersen. Conduct is in reckless disregard of Plaintiff Andersen's rights if, under the circumstances, a Defendant simply did not care about Plaintiff Andersen's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- The reprehensibility of a Defendant's conduct;

- The impact of Defendant's conduct on Plaintiff Andersen;

- The relationship between Plaintiff Andersen and a Defendant;

- The likelihood that a Defendant would repeat the conduct if an award of punitive damages is not made;

53

- Defendant's financial condition;

- The relationship of any award of punitive damages to the amount of actual harm Plaintiff Andersen suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. You may discuss the case only when all jurors are present.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Advised the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during the deliberations.

The verdicts must represent the considered judgment of each juror. Your verdicts whether for or against the parties must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.