IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL ANDERSEN, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 16 C 1963 ) |
| THE CITY OF CHICAGO, *et al.*, | ) Judge Virginia M. Kendall ) ) |
| *Defendants.* | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Andersen sued the City of Chicago and various members of Chicago law enforcement for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and several state-law claims. (Dkt. 1). Plaintiff now moves to reinstate his *Monell* claim against Defendant City of Chicago and conduct limited discovery. (Dkt. 902). For the reasons given below, that motion is denied.

**BACKGROUND**

Plaintiff Daniel Andersen filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of Chicago ("City") and a number of Defendant Officers arising out of his wrongful conviction and incarceration. Specifically, Andersen sued the Defendant Officers for violating his constitutional rights by allegedly coercing his false confession, fabricating false evidence, and concealing exculpatory evidence. He also sued the City alleging that its police department's policies and practices render it liable for his wrongful conviction and injuries pursuant to *Monell v. New York*

*Department of Social Services*, 436 U.S. 658 (1978). Part of those allegations was that the City had a "street file" policy and practice of withholding exculpatory and/or impeachment evidence. The City moved to bifurcate and stay discovery on Andersen's *Monell* claim (Dkt. 67). The Court granted the bifurcation and stay (Dkt. 90). The case against the Defendant Officers proceeded to trial and a jury returned a verdict for Andersen, finding that the individual officers violated Andersen's constitutional rights by, *inter alia*, coercing a confession, withholding exculpatory evidence, and fabricating false evidence. The City remained a defendant pursuant to a Limited Consent Judgement, and judgment was entered against the City in the amount of $7,550,000 in compensatory damages. (Dkt. 890). The City has paid those damages.

Now that Andersen has prevailed on his claims as to the individual Defendant Officers, he moves that his *Monell* claims should be reinstated so he can proceed with limited fact discovery and a trial against the City.[1] (Dkt. 902).

## DISCUSSION

Andersen argues that he should be permitted to pursue a potentially viable *Monell* claim following the finding of liability against the individual Defendants because he seeks nominal damages. The City responds that the entry of the Limited Consent order and City's payment of his compensatory damages award prevents this and moots the case.[2]

---

[1] Andersen is no longer pursuing his *Monell* claim that the City had an unconstitutional practice of coercing confessions. (Dkt. 902 at 2).
[2] The City also argues that the *Monell* claim should not be reinstated because of the amount of costly discovery it would require the City to undertake. Were the Court able to hear the *Monell*

Andersen argues that because *Monell* allows for direct, non-derivative liability, the case is not moot where the parties can identify a concrete interest. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978). In support, Andersen points to *Swanigan v. City of Chicago*, 775 F.3d 953 (7th Cir 2015) ("*Swanigan I*") which permitted the pursuit of *Monell* claims that seek additional equitable relief or are distinct from the claims against the individual defendants. *Id.* at 963. *Swanigan I* was decided in 2015, prior to the bifurcation of Andersen's *Monell* claims here. (Dkt. 90). There, the Seventh Circuit acknowledged that "[s]ome cases have remedial import beyond the individual plaintiff's claim for monetary damages, and § 1983 provides a vehicle for obtaining other judicial relief against governmental policies that violate constitutional rights." *Swanigan I* at 962. But Swanigan had advised the district court in his case that he wanted to amend his complaint to clarify he was seeking declaratory or injunctive relief, and it was this additional *equitable* relief that was key in determining whether the *Monell* claim would be dismissed. *Swanigan I* at 962-963 ("After learning that Swanigan wanted to amend his complaint, the district court should have lifted the stay and waited for the amended complaint before evaluating any jurisdictional impediments.") Here, Andersen is not seeking declaratory or injunctive relief and has not indicated he intends to do so.

Several years after the *Monell* claims had been stayed and bifurcated in this case, the Seventh Circuit again considered the issue of *Monell* recovery in *Swanigan v. City of Chicago,* 881 F.3d 577 (7th Cir. 2018) ("*Swanigan II*"). After amending his

---

claims, engaging in the necessary discovery (costly or expansive it may be) would not be a reason to dismiss the claim.

complaint, Swanigan attempted to evade the rule against double-recovery[3] by identifying a different part of his action that he had not yet recovered compensatory damages on. The Seventh Circuit rejected that argument and held that Swanigan could not recover from the City for his prolonged detention "because he was compensated for that constitutional violation in his suit against the officers." *Swanigan II* at 582 (citing *Janusz v. City of Chicago*, 832 F.3d 770 (7th Cir. 2016)); *see also Duran v. Town of Cicero*, 653 F.3d 632 (7th Cir. 2011). Like Swanigan, Andersen has now been compensated for his injury, and so cannot recover again from the City on his *Monell* claim.

This case is therefore similar to the recent decisions in *Kuri v. Folino* and *Wrice v. Byrne* from this district that, while not binding on this Court, are instructive. In *Kuri*, 409 F.Supp.3d 626 (N.D. Ill. 2019), the court found there was no remaining case or controversy because the plaintiff could not recover anything against the City beyond what he had recovered against the individual defendants. That is the case here. The City remained a defendant in Andersen's case, and judgment was entered against it for $7,550,000 in compensatory damages. It has paid those damages (Dkt. 891) pursuant to the Illinois statute requiring municipalities to indemnify their employees for compensatory damages in tort judgments. *See e.g., Kuri*, 409 F.Supp.3d 626, *citing* 745 ILCS 10/9-102. The court in *Kuri* specifically noted that the lack of injunctive relief sought was a key consideration in dismissal of the *Monell* claim. 409

---

[3] *See Bosco v. Serhant*, 836 F.2d 271, 281 (7th Cir. 1987) ("[O]nce the plaintiff has been fully compensated for his injuries by one or more of the tortfeasors, he may not thereafter recover any additional compensation from any of the remaining tortfeasors.")

F.Supp.3d at 653. While Andersen argues that the Limited Consent Agreement is not an acknowledgement of the City's liability (Dkt. 918 at 3), he does not dispute that the City has paid his compensatory damages award.

Similarly, in *Wrice v. Byrne* Judge Leinenweber rejected a plaintiff's request to lift a stay on *Monell* discovery because "if the plaintiff wins against the individual defendants, the rule against double recovery prohibits pursuing the [Monell] claim any further." *Wrice v. Byrne*, No. 14- C-5934 at Dkt. 626 (N.D. Ill. June 24, 2020). Andersen argues that his "non-economic" interests maintain a live case or controversy. (Dkt. 902, 918). But as *Swanigan II* suggests—and Judge Leinenweber put more plainly in *Wrice*—Andersen's reliance on non-economic interests like deterrence and the public interest do not overcome the bar against double recovery: Andersen "brought his suit asking for damages; he has been awarded damages; and damages will have to be sufficient to satisfy those non-economic interests. [Andersen] does not seek further injunctive or declaratory relief." *Wrice v. Byrne*, Case No. 14- C-5934 (N.D. Ill. June 24, 2020) at Dkt. 626.

Andersen's response to these recent decisions is that they "lack the same history as this case" (Dkt. 918 at 6) because a different judge ruled on bifurcation. However, the Court's prior comments on the future potential viability of Andersen's *Monell* claim at the bifurcation stage cannot compel a different outcome. The Court's earlier statements were made without the benefit of the later decided *Swanigan II*.[4]

---

[4] The Court also questions Andersen's cast of those comments as "clear orders" or "long promised" (Dkt. 918) – especially where he relies on a comment made during an evidentiary hearing or a footnote citing a case where injunctive relief on a Monell claim was sought. *See* Dkt. 90 at 10, n.3 citing *Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *4 (N.D. Ill. July 16, 2008). While the Court appreciates that Andersen places great import on his *Monell* claim, the Court's past comments do not (and indeed, could not) constitute a ruling on this motion.

And while Andersen suggests that the recent Supreme Court decision *Uzuegbunam v. Preczewski* (141 S.Ct. 792 (2021)) may counsel differently, the Supreme Court stated that their decision was narrowly focused on the issue of redressability. *Id.* at 792. That case determined that a plaintiff had a redressable injury when seeking nominal damages after receiving injunctive relief. *Id* at 801. (Explaining nominal damages are "the damages awarded by default until the plaintiff establishes some other form of damages, such as compensatory or statutory damages.") The difference here is that there is not injunctive relief, and Andersen *has* established—and received—compensatory damages from the City.

Perhaps in light of *Uzuegbunam* and the building cadre of cases in this District deciding the issue of *Monell* recovery following bifurcation and subsequent motions for reinstatement of those claims[5] the Seventh Circuit may elect to consider the issue of whether a plaintiff may still recover nominal damages for a *Monell* claim after a

---

[5] *See, e.g., Maysonet v. Guevara*, 2020 WL 3100840 at *4 (N.D. Ill. June 11, 2020) (noting "bifurcation is essentially a means to achieve a de facto dismissal of the Monell claim" and rejecting bifurcation motion); *Cadiz v. Kruger*, 2007 WL 4293976, at *8 (N.D. Ill. Nov. 29, 2007) ("When (as here) a plaintiff claims the violation of a constitutional right as a result of a municipality's policies, practices or customs, that claim creates a separate case or controversy from the claims against the individual officers that the plaintiff has standing to pursue."); *Ezell v. City of Chicago*, 2019 WL 3776616 (N.D. Il. Aug. 12, 2019) ("[H]aving already recovered in their suit against the Officers, Plaintiffs would be barred from pursuing damages for the same injuries against the City."); *Bradford v. City of Chicago*, 2019 WL 5208852 at *5 (N.D. Ill. Oct. 16, 2019) (granting bifurcation and finding a plaintiff would receive "complete relief" from a damages award in allowing bifurcation of a Monell claim)., *Kuri v. Folino*, 409 F. Supp. 3d at 653 (rejecting motion to reinstate Monell); *Wrice v. Bryne*, Case No. 14- C-5934 (N.D. Ill. June 24, 2020) at Dkt. 626 (same as *Kuri*); *Bouto v. Guevara*, 2020 WL 956294, at *2 (N.D. Ill. Feb. 27, 2020) (rejecting bifurcation motion because it would prejudice plaintiff).

complete compensatory award.[6] It has not yet done so, except to find in *Swanigan II* that the plaintiff had been afforded complete compensatory relief and could not pursue a *Monell* claim on that basis. *See also, e.g., Bradford v. City of Chicago*, 2019 WL 5208852 at *5 (N.D. Ill. Oct. 16, 2019) (finding a plaintiff would receive "complete relief" from a damages award in allowing bifurcation of a *Monell* claim). Because Andersen has been afforded complete relief and cannot recover against the City twice, he cannot now pursue his *Monell* theory of liability.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reinstate his *Monell* claim against Defendants is denied, and Plaintiff's *Monell* claims are dismissed without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: October 28, 2021

---

[6] Andersen points to decisions in the Second Circuit and Ninth Circuit that have done so. *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 321 (2d Cir. 1999); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999). In those cases, there was no judgment against the city defendants, and the Seventh Circuit has not held that a nominal damages theory can be pursued when there has been complete compensatory relief. *See Swanigan II*; *see also Stachniak v. Hayes*, 989 F.2d 914, 923 (7th Cir. 1993) (holding that a nominal damages instruction "is only appropriate to vindicate constitutional rights whose deprivation has not caused actual injury.")